Dykman, J.
This is an action for the recovery of damages resulting to the plaintiff from a fall from one of the passenger cars of the defendant.
The statement of the plaintiff is to be taken for the facts, and she says in her testimony she took an open horse car on the surface railroad of the defendant, and sat in the second or third seat facing the horses; the wheel box was in that seat, and there was a man there then with a basket between his feet about a foot high and eighteen inches long. The man was there with the basket when the plaintiff *549 took the car, and she went past him when she got in. When the plaintiff desired to leave the car it was stopped by the conductor, and then the man with the basket was the only person between the plaintiff and the end of her seat, and there was a man opposite him, on the facing seat, with an umbrella, and both had their feet out in the passageway between the seats. The following is an extract from the testimony of the plaintiff given upon her cross-examination by the defendant’s counsel: “I got up to leave the car; I just stepped right out to get out and I didn’t see the basket until my foot came in contact with it; I didn’t look to see where the basket was; I thought to step across the man’s feet and to get out the best way I could across the man’s feet.”
Q. Didn’t you say on the examination of Mr. Dailey that you tried to step over the basket ?
A. And the man’s feet—yes, sir.
Q. Did you try to step over the basket ?
A. Yes, sir; I tried to step over their feet and the basket both, and I catched my foot; I saw the basket before I raised my foot so as to step over it; the man’s legs were not over the basket; they were out; the basket was between his feet; I tried also to step over his feet, and with that I catched my feet; my feet hit against the car wheel box.
Q. Did your feet strike against the leg of the man ?
A. Not that foot; the basket and the car wheel box is the thing that stopped me first.
Q. What did your feet first strike against ?
. A: The basket,
i Q. Which foot was that ?
A. My left foot; as I got up from the seat I moved forward with my left foot, and that I raised so as to go over the basket.
Q. It didn’t go over the basket, but struck the basket ?
A. It hit; my heel began to hit the handle of the basket, and my foot catched the car wheel box; it tripped me up; the ear wheel and a big-; to the best of my opinion the heel of my shoe hit the handle of the basket; then it hit against the car wheel box; that box that sticks up there; I couldn’t say if it knocked over the basket; I turned on my foot then, and then I went to pick this other foot up to try and get past it so I that could get out; the other foot then catched in something; what, I don’t know; I suppose—
Q. What do you suppose ?
A. I couldn’t say for sure; the man had an umbrella that was there, and I thought probably that it catched in that.
Q. You don’t know then what your other foot struck against ?
A. No, sir; I couldn’t say what it was.
*550 Q. Whether it was the leg of the man, the basket or umbrella ?
A. My left foot, all the power was out of it; that was the whole cause of it.”
Then the plaintiff fell into the street and sustained the injury complained of in this action.
The complaint was dismissed at the close of the plaintiff’s case, and the plaintiff has appealed from the judgment of dismissal.
The counsel for the plaintiff asked to go to the jury upon the two questions: The construction of the wheel box and the allowance of the obstruction in the passage-way.
There was an entire absence of proof to show the construction or condition of the passenger car faulty or defective in any way;, and no negligence can be charged against the defendant in that respect.
Neither do we conclude that the defendant or its agents were chargeable with negligence or inattention for permitting one passenger to carry his basket in the car and place it pn the floor between his feet and another to take with him his umbrella. It is quite usual and customary for passengers to carry with them hand bags and baskets and umbrellas and other small parcels, and no rule is shown for their exclusion. It may become the duty of conductors to cause their removal upon complaint of inconvenience or annoyance or obstruction to other passengers, but without some such complaint or request we are unaware of any rule which would require their removal. If this plaintiff had requested the conductor to clear the passage-way for her exit from the car, it would have been his duty to comply with her request, and so far as the case discloses the facts, the conductor of the car was without knowledge of any obstruction, in the passage-way between the seats.
Our examination fails, therefore, to disclose any negligence of the defendant, and it is unnecessary to make any examination respecting the contributory negligence of the plaintiff. Yet, upon this point, it is to be said that the plaintiff, with full knowledge of the obstruction in her pathway, undertook to pass, unassisted between the two' men, over the basket ana umbrella, and by that act plainly assumed all the dangers and. risks of such a passage, and the disastrous results of such a hazardous undertaking cannot be charged against the defendant.
The judgment should be affirmed, with costs.